IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BONNIE HODGES, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WALGREENS, et al., | : | No. 12-1162 |
|     Defendants. | : | |

<u>**MEMORANDUM**</u>

**Schiller, J.**                                                                                                                                   **April 25, 2012**

Plaintiff Bonnie Hodges brought this action in the Philadelphia County Court of Common Pleas to recover damages allegedly resulting from an incident that occurred outside a Walgreens store in Darby, Pennsylvania. Walgreens and Walgreens Eastern Co., Inc. (collectively, "Walgreens") removed the case to this Court based on diversity jurisdiction. Presently, Plaintiff's motion to remand is before the Court. For the reasons that follow, the Court grants the motion.

**I.     BACKGROUND**

On February 1, 2010, Hodges slipped and fell on ice and snow in the parking lot near the entrance to a Walgreens store in Darby, Pennsylvania. (Compl. ¶ 6.) According to the Complaint, as a result of this incident, Hodges "suffered various serious and permanent bodily injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: right wrist contusion and sprain, right wrist dequervein tenosynovitis requiring surgery, and any other ills, injuries, all to plaintiff's great loss and detriment." (*Id.* ¶ 10.)

Following the incident, on February 17, 2010, Hodges sought medical treatment, complaining of pain in her right wrist. (Defs.' Resp. in Opp'n to Pl.'s Mot. to Remand at 2.) She was diagnosed with a right wrist contusion/sprain and a possible micro-fracture. (*Id.*) She was prescribed a course of physical therapy and a right wrist brace. (*Id.*) Through November 2010, Hodges continued to seek medical treatment for pain in her right wrist. (*Id.* at 2-3.) In July 2010, an MRI indicated a partial tear, and she was subsequently diagnosed with chronic De Quervain tenosynovitis of the right wrist. (*Id.* at 2.) In August 2010, Hodges underwent surgery on her right wrist, and her physicians continued to treat her until November 2010. (*Id.* at 2-3.)

Hodges brought this action in state court on March 31, 2011, alleging negligence by Walgreens for a defective condition that existed on its premises. The Complaint included an *ad damnum* clause requesting judgment in an amount not in excess of $50,000. On January 26, 2012, the parties participated in a compulsory non-binding arbitration, which resulted in an award in favor of Walgreens. (Report and Award of Arbs.; Defs.' Resp. in Opp'n to Pl.'s Mot. to Remand at 3.) Hodges filed a Notice of Appeal from the arbitration award on February 22, 2012. On March 5, 2012, Walgreens filed a Notice of Removal pursuant to 28 U.S.C. § 1441 based upon diversity jurisdiction. On March 14, 2012, Hodges filed a motion to remand the case to state court, arguing that the amount in controversy is not greater than $75,000.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), defendants in state court may remove "any civil action . . . of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." Federal

2

courts possess diversity jurisdiction over all civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). To determine whether the amount in controversy has been met, a court may consider the complaint, the notice of removal, and the submissions related to the plaintiff's motion to remand. *Clark v. J.C. Penney Corp.*, Civ. A. No. 08-4083, 2009 WL 1564175, at *3 (D.N.J. June 1, 2009); *Hayes v. Ohio Nat'l Fin. Servs. Inc.*, Civ. A. No. 08-3743, 2008 WL 3852241, at *3 (E.D. Pa. Aug. 19, 2008).

In considering a motion to remand, "28 U.S.C. § 1441 is to be strictly construed against removal so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citation omitted); *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."). "This policy 'has always been rigorously enforced by the courts.'" *Samuel-Bassett*, 357 F.3d at 396 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1937)). Therefore, if the court determines that federal subject matter jurisdiction does not exist, the case must be remanded. 28 U.S.C. § 1447(c).

### III.  DISCUSSION

Hodges argues that this case must be remanded because the amount in controversy threshold for diversity jurisdiction is not met. Plaintiff pled that the amount in controversy was "an amount not in excess of $50,000.00." (Compl. ¶¶ 14, 21.) Defendants argue that the amount in controversy requirement is now met because Pennsylvania law allows for Hodges to recover in excess of $50,000

in a *de novo* appeal from arbitration. *See Wilson v. Walker*, 790 F. Supp. 2d 406, 409 (E.D. Pa. 2011) ("Pennsylvania courts . . . have held that in any *de novo* trial after arbitration, the plaintiff may seek more than $50,000 in damages.") (citing *Vanden-Brand v. Port Auth. of Allegheny Cnty.*, 936 A.2d 581, 584 (Pa. Commw. Ct. 2007)). Defendants further contend that the *ad damnum* clause is not dispositive and that the Court must look to see if the actual monetary damages exceeds the threshold, irrespective of Plaintiff's assertions to the contrary. (Defs.' Resp. in Opp'n to Pl.'s Mot. to Remand at 5.)

The burden of demonstrating the existence of federal jurisdiction rests with the party asserting jurisdiction. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). The defendant's right to remove is determined according to the plaintiff's pleading at the time of the petition for removal. *Angus v. Shiley*, 989 F.2d 142, 145 (3d Cir. 1993); *see also Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) ("Even though actual damages may not be established until later in the litigation, the amount in controversy is measured as of the date of removal."). While "plaintiffs may limit their claims to avoid federal subject matter jurisdiction," the Third Circuit has emphasized that "plaintiffs in state court should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." *Morgan v. Gay*, 471 F.3d 469, 474, 477 (3d Cir. 2006).

In the Third Circuit, the amount in controversy requirement is met if the defendant shows to a "legal certainty" that the amount in controversy exceeds the threshold requirement. *Samuel-Bassett*, 357 F.3d at 397 (citing *Red Cab Co.*, 303 U.S. at 289). The court must be satisfied to a legal certainty from the face of the pleadings that the plaintiff cannot recover the amount claimed. *Dunfee v. Allstate Ins. Co.*, Civ. A. No. 08-1425, 2008 WL 2579799, at *4 (E.D. Pa. June 26, 2008). In *Morgan*, the

Third Circuit addressed how the legal certainty test would be applied in cases involving *ad damnum* clauses where the plaintiff expressly limited the amount in controversy to an amount less than the threshold required for jurisdiction. *Morgan*, 471 F.3d at 474-75. The *Morgan* court held that: (1) the party seeking to establish federal jurisdiction must prove to a legal certainty that the amount in controversy exceeds the statutory threshold; (2) a plaintiff, if permitted by state law, may limit his or her monetary claims to avoid the amount in controversy threshold; and (3) the plaintiff's pleadings that the claims are below the jurisdictional threshold is not dispositive, rather, the court must analyze the claims to determine the amount really at stake in the case. *Id.*

The Third Circuit further clarified the amount in controversy standard in *Frederico v. Home Depot*, 50 F.3d 188 (3d Cir. 2007). The court held that *Morgan* applies in cases, such as the instant case, where the complaint limits the amount in controversy to less than the jurisdictional threshold. *Id.*, at 196-97. In such cases, the removing party has a higher burden and must prove to a legal certainty that the amount in controversy exceeds the jurisdictional requirement. *Id.* at 197. In contrast, *Samuel-Bassett* applies when the plaintiff has not specified that the amount in controversy is less than the jurisdictional minimum, and in those cases, remand is appropriate when it appears to a legal certainty that the plaintiff *cannot* recover over the jurisdictional requirement. *Id.*

Applying those principles here, under *Federico* and the first rule of *Morgan*, Walgreens, has the burden, as the party seeking to establish subject matter jurisdiction, to prove to a legal certainty that the amount in controversy exceeds $75,000. *Id.*; *Morgan*, 471 F.3d at 474. While *ad damnum* clauses are generally not permitted for unliquidated claims under Pennsylvania law, there is an exception for complaints filed in counties, such as Philadelphia County, that provide for compulsory arbitration for claims expressly limiting damages to under $50,000. 42 Pa. Cons. Stat. § 7361(b)(2);

5

Pa. R. Civ. P. 1021; Phila. Local R. of Civ. P. 1301; *Espinosa v. Allstate Ins. Co.*, Civ. A. No. 07-746, 2007 WL 1181020, at *3 (E.D. Pa. Apr. 16, 2007). Section 7361 merely creates a jurisdictional trigger and is not a substantive recovery limit. *Robert Half Int'l, Inc. v. Marlton Techs., Inc.*, 902 A.2d 519, 529 (Pa. Super. 2006). Under the second rule of *Morgan*, because *ad damnum* clauses are "permitted by state laws," Hodges "may limit her monetary claims to avoid the amount in controversy threshold." *Morgan*, 471 F.3d at 475; *Espinosa*, 2007 WL 1181020, at *4. Finally, because the *ad damnum* clause is not dispositive under *Morgan*'s third rule, the Court "must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not." *Morgan*, 471 Fd at 474-75.

Hodges alleges that she slipped and fell on ice and snow in Defendants' parking lot, and as a result, she suffered serious and permanent physical injuries. (Compl. ¶¶ 6, 10.) Hodges claims to have suffered financially, including loss of earnings and medical expenses, and also seeks to recover for her pain and suffering. (*Id.* ¶¶ 11-14.) However, it is unclear to the Court whether Plaintiff's actual monetary damages exceed $75,000. Given that "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand," the Court is reluctant to find that Hodges' injuries exceed the jurisdictional threshold. *See Boyer*, 913 F.2d at 111 (internal quotation marks omitted).

Furthermore, the proponent of federal jurisdiction, Walgreens, has failed to prove to a legal certainty that the amount in controversy in this case exceeds $75,000. Specifically, in Walgreens' Notice of Removal, they state, "[a]llegations of injuries and damages, similar to those alleged by Hodges, have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirements." (Notice of Removal ¶ 10 (citing cases).) However, none of the cases

cited by Defendants provides guidance to the Court because the cases did not address the amount in controversy requirement based on damages sustained from a slip and fall. *See Samuel-Bassett*, 357 F.3d 392 (involving consumer protection law, UCC, and warranty claims); *Feld v. Allstate Ins. Corp.*, Civ. A. No. 03-4024, 2003 WL 22271674 (E.D. Pa. Aug. 4, 2003) (involving water damage under a homeowners' insurance policy); *Ferketich v. Carnival Cruise Lines*, Civ. A. No. 02-3019, 2002 WL 31371977 (E.D. Pa. Oct. 17, 2002) (involving personal injuries from a fall down a flight of stairs, but only addressing the defendant's reliance on a forum selection clause).

Defendants' reliance on *Angus v. Shiley Inc.*, 989 F.2d 142 (3d Cir. 1993), is also misplaced. In *Angus*, the plaintiff claimed damages in excess of $40,000, including severe mental anguish and psychiatric distress, which required the plaintiff to pay for medical attention, impaired her lifestyle, and caused her to suffer a loss of life's pleasures. The court permitted removal, finding the amount in controversy exceeded the then-$50,000 jurisdictional threshold for removal. However, unlike here, in *Angus*, the plaintiff alleged a lower limit of damages of "at least $40,000" and did not specify an upper limit in its request for damages. *Id.* at 145. Here, there was no lower limit on damages, and thus *Angus* does not support Defendants' position.

Of the cases cited by Walgreens, only *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516 (D.N.J. 1998), sheds any light on what allegations of injury satisfy the amount in controversy requirement. The plaintiff in *Carroll* was disabled after she fell while deplaning. The court concluded that the complaint alleged sufficient damages to put the defendant on notice that the amount in controversy exceeded $75,000. However, *Carroll* is distinguishable because the court only had to conclude that removal was improper when it appeared to a legal certainty that the plaintiff *could not* recover an amount over $75,000, whereas here, under *Morgan*, removal is proper only

when it appears to a legal certainty that the plaintiff *could* recover over $75,000.

Defendants have offered no support for their position that Hodges' injuries exceed $75,000. Given the earlier arbitration, Defendants had ample opportunity to discover evidence demonstrating that Plaintiff's injuries exceed the amount in controversy requirement. However, Walgreens failed to provide the Court with any evidence in its Notice of Removal and instead merely included the arbitrators' award, which found in favor of Defendants and against Plaintiff. Walgreens also failed to cite any analogous situations with similar injuries that exceeded the jurisdictional threshold. Defendants' bare assertion and mere speculation falls short of establishing to a legal certainty that the amount in controversy does exceed $75,000. *Resolution Mgmt. Consultants, Inc. v. Hickey*, Civ. A. No. 10-6243, 2011 WL 2609854, at *8 (D.N.J. June 29, 2011) ("[I]f this Court has to guess at whether the jurisdictional threshold has been met, then the defendant has not proved its point.") (internal quotation marks omitted).[1]

---

[1] Because the Court finds that Defendants fail to establish the amount in controversy requirement is met for diversity jurisdiction, the Court need not address the timeliness of Defendants' Notice of Removal following the arbitration. The Court also need not determine whether the pre-*Morgan* cases that permitted removal following an appeal from an arbitration, *see, e.g.*, *Foster v. Home Depot Inc.*, Civ. A. No. 05-1999, 2006 WL 470596 (E.D. Pa. Feb. 24, 2006), are still good law now that it is clear that cases limiting damages to a sum less than the amount in controversy threshold can nonetheless be removed at the time the complaint is filed, *see, e.g.*, *Wilson v. Walker*, 790 F. Supp. 2d 406 (E.D. Pa. 2011); *Howard v. Wal-Mart Supercenter*, Civ. A. No. 09-4530, 2009 WL 4362856 (E.D. Pa. Nov. 30, 2009).

## IV. CONCLUSION

Hodges properly limited the amount of damages in the *ad damnum* clauses to an amount below the $75,000 jurisdictional threshold, and Defendants have not shown to a legal certainty that the amount in controversy exceeds $75,000. This Court therefore lacks jurisdiction over the action and grants Plaintiff's motion to remand. An appropriate Order will be docketed separately.